IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYRIAD GROUP A.G., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-1087-SLR |
| ORACLE AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of February, 2011, having reviewed the motion to dismiss or transfer filed by defendant Oracle America, Inc. ("Oracle") and the response thereto filed by plaintiff Myriad Group A.G. ("Myriad"); and having reviewed as well the motion for a preliminary injunction filed by Myriad and the response thereto by Oracle;

IT IS ORDERED, for the reasons that follow, that the motion to dismiss or transfer (D.I. 5) is denied, without prejudice to renew the motion to transfer; and the motion for injunctive relief (D.I. 10) is denied.

1. **Background.** The instant litigation is the mirror image of litigation pending in the Northern District of California, *Oracle America, Inc. v. Myriad Group A.G.*, Case No. 10-CV-5604-SBA (N.D. Cal.), filed the same day (but earlier) than the suit at bar. The dispute between the parties arises from their commercial relationship and the question of how payment to Oracle should be determined for the use of certain Java™ technologies, whether it should be through certain commercial licenses between the

parties, or through the Java Specification Participation Agreement ("JSPA"), a cross licensing agreement among members of the Java Community Process ("JCP").[1]

2. A short history of the dispute is in order. Generally, over the course of several years, Myriad (through its predecessor in interest) entered into various commercial licensing agreements with Oracle (through its predecessor in interest) for the use of certain Java™ technologies. In September 2009, Myriad requested better licensing terms, citing rights it purported to have under the JSPA that Myriad's predecessor in interest signed in 2002. According to Myriad, it has been required to pay royalties under the commercial licenses for Java™ technologies it neither wants nor needs. Since September 2009, Myriad has refused to pay royalties owed under the commercial licensing agreements and has allowed a related agreement to expire. Although the parties attempted to resolve this dispute amicably, on December 10, 2010, while the parties were still talking, Oracle filed suit in California (which suit is grounded on Myriad's alleged breach of the commercial licenses) and Myriad filed the instant suit, seeking access to Oracle's Technology Compatibility Kits (TCKs") and Reference Implementation ("RI") code through licenses which must be either fully-paid and royalty-free or on fair, reasonable and non-discriminatory ("FRAND") terms, consistent with the JSPA.

3. Oracle is a Delaware corporation with its principal place of business in Redwood City, County of San Mateo, California. Myriad is a Swiss corporation with its principal place of business in Dubendorf, Switzerland. Myriad maintains its only United

---

[1]The JCP is a standards-setting body responsible for developing standard technical specifications for Java™ technology.

States office in San Mateo, California. The JCP includes among its members both foreign and domestic companies.

4. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni*, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

5. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where

the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

6. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," *Id.*, the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

7. **Analysis.** As stated above, in my opinion, the two pending lawsuits simply reflect the parties' respective versions of their business relationship going forward.

Although the legal underpinnings of each party's suit could be litigated in isolation, it makes no sense to do so; i.e., the parties' business dispute should be resolved by the same judge. The question is, which judge? In analyzing this question, I am cognizant of the fact that Oracle is a Delaware corporation and has no cause for complaint about litigating in Delaware, especially in this age of electronic discovery and the ever decreasing number of cases actually resolved by trial. Delaware, in fact, is mid-way between California and Switzerland and, therefore, is not an inconvenient forum based on any reasonable criteria. Given Oracle's filing suit in the middle of settlement negotiations and Myriad's walking away from its commercial obligations without first initiating some action to resolve the dispute or confirm its legal position, neither party wins "good conduct" points. Finally, I understand that there are pending motions that may clarify the issues in dispute in the California litigation.

8. **Conclusion.** Taking into account all of the circumstances described above, I decline to dismiss the instant litigation or to transfer the litigation at the present time. The motion to transfer may be renewed once the court in California has ruled on the pending motions. I also deny the motion for injunctive relief, as Myriad seeks therein the ultimate relief requested in the Delaware suit, even though it waited over a year to bring its dispute with Oracle to court.

9. An order scheduling a Rule 16 conference will issue in due course, as the parties will be resolving (either in Delaware or California) their rights and obligations

under the JSPA.

                                                                           United States District Judge